### In the Matter of GRIMES FURNITURE, INC., Debtor.

**Bankruptcy No. 84–595.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 24, 1985.

Memorandum Opinion on Reconsideration Feb. 21, 1985.

Gary W. Short, Michael J. Yurcheshen, Pittsburgh, Pa., for Grimes Furniture, Inc.

Joseph J. Bernstein, Pittsburgh, Pa., for Unsecured Creditors.

Joseph Friedman, Samuel R. Grego, Pittsburgh, Pa., for Crown American Corp.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is the Committee of Unsecured Creditors' challenge to inclusion of the votes of class 12 insiders in determining acceptance of debtor's Second Amended Chapter 11 Plan of Reorganization. 11 U.S.C. § 1129(a)(8)(A). Class 12 consists of all nonpriority unsecured claims which equal or exceed one hundred dollars. That the class is impaired under the Plan is undisputed.

Debtor has received the requisite majorities of acceptances in number and amount of claims by class 12 creditors. However, if insiders' unsecured claims of class 12 are excluded, class 12 has not accepted the Plan by the requisite percentages in amount and number of claims. The debtor argues that the insiders' votes can be excluded only upon a finding that the insiders are chargeable with bad faith or other inequitable conduct, but the cases cited by debtor are either inapposite or no longer represent the state of the law. It is clear that insider votes cannot be counted in determining whether an impaired class has accepted a plan. *See In re Polytherm Industries,* 33 B.R. 823 (W.D.Wis.1983); *In re Featherworks Corp.,* 25 B.R. 634 (Bkrtcy. E.D.N.Y.1982), aff'd 36 B.R. 460 (1984). Therefore, class 12 has rejected the Plan.

Class 11 is also an impaired class and consists of nonpriority unsecured claims which are less than one hundred dollars and its members are to receive fifty per cent of their claims in cash on the effective date of the Plan in full satisfaction of the claims. This class has voted unanimously to accept the Plan and, therefore, the Plan could be confirmed upon a finding that it provides fair and equitable treatment to the dissenting impaired unsecured class. 11 U.S.C. § 1129(b)(2)(B). In order for the Court to make such a finding the Plan would have to provide that each holder of a class 12 claim receive or retain property of a value equal to the allowed amount of each claim, or that holders of claims junior to those of class 12 will not receive or retain any property under the Plan. 11 U.S.C. § 1129(b)(2)(B)(i), (ii). The debtor's proposed Second Amended Plan provides that members of class 12 receive less than one hundred per cent of their claims and further provides that the interests of class 13 equity security holders remain unaffected. The Plan does not meet the fair and equitable test of § 1129(b) and cannot be confirmed. *See 5 Collier on Bankruptcy* ¶ 1129.03 (1984).

An appropriate order will be entered.

## MEMORANDUM OPINION ON MOTION FOR RECONSIDERATION

The matter presently before the Court is Debtor's Motion to Reconsider the Order of

this Court entered January 24, 1985, denying confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization. Confirmation was denied because this Court held that 11 U.S.C. § 1129(a)(10) required the exclusion of the votes of class 12 insiders which resulted in class 12's characterization as an impaired dissenting class of nonpriority unsecured claims.

Upon consideration of the arguments of counsel presented at the hearing on Debtor's Motion for Reconsideration and upon further analysis of the relevant statutory sections and legislative history, the Court concludes that insider votes of an impaired class cast in favor of a Plan may be counted under § 1129(a)(10) for purposes of § 1126(c) when there exists at least one other accepting impaired class which contains no insiders.

In the instant matter classes 2 and 11 are impaired and have accepted the Plan in the requisite number and amount. Therefore, the Plan will be confirmed if Debtor establishes that the Plan meets the requirement of § 1129(a)(7)(ii).

An appropriate order will be entered.